## FRY vs. MARTIN, ET AL.

MORTGAGE.  *Unrecorded, void.*
> A mortgage or deed of trust not filed for record, is void, as against subsequent purchasers from the mortgagor.

APPEAL from *Chicot* Circuit Court in Chancery.
Hon. T. F. SORRELLS, Circuit Judge.
*Reynolds* for Appellant.
*Garland, Contra.*

ENGLISH, C. J. :
On the 20th September, 1876, Reuben M. Fry filed a bill for injunction, on the chancery side of the Circuit Court of

Chicot County, against James R. Martin, trustee, etc., and William B. Street, alleging, in substance, as follows :

That Plaintiff, Fry, on the 24th of June 1873, purchased of John M. Woodward certain lots and an adjoining acre of land, which are described, situated in Lake Village, for the price of $5000.00, of which he paid $3000.00 at the time, and assumed the payment of two notes for $1000.00 each, executed by said Woodward to defendant, William B. Street, dated May 10th, 1873, and payable 1st of April, 1874, and 1st of April, 1875, with interest thereon at ten per cent. from 15th April, 1873, at the counting room of Martin & Hillsman, Memphis, and secured by a lien on the property so purchased, being notes made by said Woodward in part payment for said property in his purchase of it from Street on the 10th of May, 1873. (A copy of the deed from Street to Woodward, and a copy of the deed from Woodward to plaintiff, Fry, are made exhibits.)

That at the time plaintiff purchased the property, he found filed for record the deed from Street to Woodward, in which it was recited that said two notes were secured by lien on the property, and plaintiff being advised that the purchase money was a lien on the property, presumed that it was to this lien that reference was made, as no deed of trust or mortgage was found of record or filed for record from Woodward to Street, or to any one else to secure said notes ; and being desirous of buying said property, and willing to secure the payment of said notes as part of the purchase money, and to risk providing for their payment before foreclosure could be made to enforce the lien in the event he might not be able to meet them at maturity, he made the purchase stated. That owing to the financial condition of the country he would not have made the purchase if he had known of the existence of the deed of trust to secure the payment of said two notes—he would not have run the risk of losing what he had paid by a

sale on twenty days' notice, upon the men failing to meet the notes at maturity.

That Street had in fact, as plaintiff after his purchase ascertained, received from Woodward a deed of trust, wherein defendant, James R. Martin, is made trustee, said deed made to secure the said two notes from Woodward to Street, and assumed by plaintiff as aforesaid. That this deed of trust was in the hands of said trustee before the sale to plaintiff, and it was by the wish, and direction of Street to Martin, as plaintiff is informed and believes, withheld from record, and in order that the knowledge of its existence might not interfere with any sale Woodward might attempt to make to plaintiff of said property. That at one o'clock p. m. of June 24, 1873, the day plaintiff received and filed for record his deed from Woodward, and after the deed of plaintiff had been filed in the forenoon of said day, said deed of trust was filed for record, and, as the record states, recorded 3d day of July 1873, the deed of plaintiff being recorded on the 24th day of June 1873, the day on which it was executed and filed for record.

That plaintiff had paid on said notes the sum of $500, on the————day of————————and that the remainder of said notes is still unpaid. That plaintiff is not at this time able to pay the balance due on said notes. That he regards the property worth fully the price agreed upon, and vastly more than the balance now due, and that at the time a sale would be to him a great sacrifice. That an attempt to enforce the payment of said notes by means of said deed of trust, by any parties who aided, advised or directed its being withheld from record, to enable the said Woodward to sell to plaintiff, would be a fraud upon his rights, and be the means of depriving him of property that he might otherwise be able to save to himself and family.

That the said trustee has, by written notice advertised that he will, on the 2d day of October, 1876, sell at public auction for cash in hand the said property, and that all equity of redemption is waived. (A copy of the notice made an exhibit.) That by this sale defendants not only seek to sell the property on terms not agreed upon by plaintiff, but also to deprive him of the right to redeem the same; which right of redemption he is advised would remain to him if sold under a decree to enforce the vendor's lien, which defendant, Street, might obtain by suit, of which plaintiff is advised he could have no just cause to complain.

Prayer for order restraining Martin from selling the property as advertised, and that on the final hearing he be perpetually enjoined from selling under the trust deed.

A temporary injunction was granted.

The defendants demurred to the bill, on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and plaintiff declining to plead further, the temporary injunction was dissolved, the bill dismissed for want of equity, and defendant's damages assessed at $128.73, and plaintiff appealed.

The deed from Street to Woodward reserved a lien on the property to secure the payment of the two notes described in the bill.

In the deed from Woodward to Fry, which was signed by both parties, Fry assumed and bound himself to pay these two notes as part of the consideration of his purchase of the property from Woodward.

The deed of trust from Woodward to Martin, is not exhibited, but it is alleged by the bill and admitted by the demurrer, that it was not put upon record, nor filed for registration in the Recorder's office, until after Woodward had conveyed the property to Fry, and that it was withheld from registration by

direction of Street, for the purpose of enabling Woodward to sell the property to Fry.

Upon these facts Fry took the property under the conveyance from Woodward discharged of and unencumbered by the deed of trust from Woodward to Martin as trustee for the benefit of Street.  *Neal* v. *Speigle, adm'r.*, MS. and cases cited.  Martin as such trustee had no legal right or power, as against Fry, to advertise and sell the property under the provisions of the trust deed.

It is true that Street had a lien upon the property to secure the payment of the two notes, which lien was expressed in the face of, and reserved by his deed to Woodward, and in the deed from Woodward to Fry, the latter had assumed and bound himself to pay these notes at maturity, and it is true that he had failed to do so, and the notes were overdue when Martin advertised the property for sale under the deed of trust; but Street had no remedy as against Fry under the trust deed, either by causing the trustee to sell the property, or by bill in equity to foreclose the trust deed.  He should have filed a bill in equity to foreclose and enforce the lien reserved in his deed to Woodward, and might have made Woodward as well as Fry, who had purchased the property and assumed the payment of the notes, a defendant.  Or in this case, instead of demurring to the bill, he might have answered, and by cross bill, claimed a foreclosure of his lien.

The decree must be reversed, and the cause remanded to the court below for further proceedings, etc.